IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   No. CIV 12-0737 WJ/RHS

1999 Western Star Tractor
VIN:  2WKEDDJJ8XK954868,


        Defendant

  -and-

ACXEL BARRERA-MUNOZ,
62047-051

        Claimant.

## **MEMORANDUM OPINION AND ORDER**

Claimant Axcel Barrera-Munoz ("Barrera") is serving a ten-year sentence after pleading guilty on May 8, 2012 to possessing cocaine with the intent to distribute it.  *See United States v. Acxel Barrera-Munoz,* 1:11CR01065-002MV (Doc. 97).  His plea agreement provided the following statement in the "Admission of Facts" portion:

> By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. . . .  On December 17, 2010, in Torrance County, in the State and District of New Mexico, I, Acxel Barrera-Munoz, unlawfully, knowingly and intentionally agreed with another person, Johny Munoz, to possess with the intent to distribute five kilograms and more of cocaine and more than one kilogram of heroin. . . .  I was driving a tractor trailer.  Johnny Munoz was the passenger.  I knowingly and intentionally possessed cocaine hydrochloride and heroin in my tractor.  Johny Munoz knew about the cocaine and heroin that was in the tractor

>       trailer.  Johny Munoz assisted me in transporting the cocaine and
>       heroin to its intended destination.  Johny Munoz and I hid the
>       cocaine and heroin in boxes in an attempt to conceal it.  The police
>       found the cocaine and heroin, however, and we were arrested.

*See* 1:11-cr-01065 MV,*Doc. 76*, at 4.  There is no dispute that the tractor trailer (the "Truck") identified in the plea agreement is the same for which the United States seeks civil forfeiture in this action.  The superseding indictment contained no criminal forfeiture allegations as to the Truck.  Nor was there an express agreement for forfeiture of the Truck in the plea agreement resolving the criminal case.

On July 6, 2011, well before Barrera pleaded guilty, his CJA appointed counsel, Cliff McIntyre, filed a motion for release of the Truck in the criminal proceedings.  *See* 1:11-cr-01065 MV, *Doc. 25*.  The Truck had been seized by the State authorities at the time of Barrera's arrest.  The motion contended that that the federal government had not given timely notice to Barrera of any attempt to administratively forfeit the Truck.  U.S. District Judge Martha Vazquez' scheduled hearing on that motion and the co-defendant's motion to suppress evidence in which Barrera had joined, *see Doc.44, 58, 60 & 62,* was vacated on January 27, 2012, *see Doc. 66*,  and never addressed.  Subsequently, visiting U.S. District Judge Thomas Marten sentenced Barrera to the mandatory minimum sentence of 120 months incarceration on December 5, 2012.[1]

On July 11, 2012, two months after Barrera pled guilty, the United States filed this judicial civil forfeiture action as to the Truck.  Mr. McIntyre filed a "Response to the Verified Complaint for Forfeiture in Rem" in this civil action[2] on behalf of Barrera.  In that Response, he

---

[1] The Tenth Circuit dismissed the appeal pursuant to Barrera's knowing and voluntary waiver of his right to appeal in the plea agreement.

[2]  "If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, *and* the person is represented by counsel appointed under section 3006A of this title in

contended that this judicial forfeiture action must be dismissed because of the pending motion in the criminal case alleging procedural irregularities in the earlier administrative forfeiture action. *See Doc. 4* (filed August 16, 2012).

On December 14, 2012, after Barrera had been sentenced, Chief Magistrate Judge Karen Molzen allowed Mr. McIntyre to withdraw in the criminal case.  Because he no longer represented Barrera in the criminal action as required by 18 U.S.C. § 983(b)(1)(A), she permitted Mr. McIntyre to withdraw in this civil forfeiture action on March 1, 2013.  From that date forward, Judge Molzen deemed Claimant Barrera to be proceeding pro se.  *Doc. 12*.  She also ordered the United States to file a reply brief to counsel's response because it was, in essence, a motion to dismiss.  *See Docs. 11-13*.

In addition to the Reply, the United States filed the Motion for Summary Judgment now at issue on May 19, 2013.  *Doc. 14*.  The motion certified that a copy of it was sent to Barrera at Acxel Barrera-Munoz, Claimant, Pro Se, at "Otero County Detention Center,"[3] 1500 Cadet Rd. Taft, CA 93268.  The United States also filed the requested Reply Brief to Barrera's counseled Response on May 30, 2013 and indicated that it, too, was sent to Barrera at the same address but with the corrected name of the California facility – CI Taft Correctional Institution, to which Barrera had been transferred in spring of 2013.  A notice of completion of briefing was filed indicating that Barrera failed to file a timely response in opposition to the motion.  Because this pending dispositive motion was ready for ruling but the parties to this civil proceeding had not

---

connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim."  18 U.S.C. § 983(b)(1)(A) (emphasis added).

[3]  Clearly the facility name was misidentified because that address belongs to CI TAFT Correctional Institution, where Barrera is serving his sentence.  The Court notes, however, that the BOP directs mail for inmates to be sent to the P.O. box.  *See* www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=TAF.  Nevertheless, there is no indication that Barrera did not receive documents  mailed to the physical location of the institution.

executed the formal written consent form to proceed before a magistrate judge, this action was randomly reassigned to the undersigned judge on July 8, 2013.

## ANALYSIS

As an initial matter, this Court's local rule provides that failure to respond constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). Rather than relying on this rule as a basis to grant the motion, however, the Court has carefully considered the merits of the motion, the arguments raised by Barrera's then-counsel as set forth in Barrera's Response to the Verified Complaint for Forfeiture *In Rem*, and the counter-arguments of the United States in its Reply to that Response. *Docs. 14, 4 & 18 (*respectively). For the reasons set forth below, the Court finds that the Government is entitled to summary judgment as a matter of law.

There is no doubt that Defendant's Truck is subject to forfeiture under 21 U.S.C. § 881(a) because Defendant admittedly used it to transport the illegal drugs in his drug trafficking activities. As set forth in the motion for summary judgment, the undisputed facts compel that conclusion. *See Doc. 14.*

The primary issue now facing the Court is the procedural challenge to the administrative forfeiture action that was raised in the criminal proceeding, and the consequences of that challenge to this case after entry of Barrera's guilty plea. In his Response to the Verified Complaint for Forfeiture *In Rem*, Barrera argues that this civil forfeiture action should be dismissed because

> 1. This matter is already pending in criminal case number CR 11-1065. The Government filed an action to forfeit the conveyance and the Defendant/claimant has made a claim that notice was untimely. If notice was untimely the first forfeiture action must be dismissed. That issue has not yet been ruled on by the District Court.
> 2. Before the issue whether the first forfeiture should be dismissed has been decided, the government is apparently attempting to begin

Case 1:12-cv-00737-WJ-RHS   Document 22   Filed 07/15/13   Page 5 of 7

the action anew.

*Response, Doc. 4* (filed August 16, 2012). The Court is persuaded, however, that these arguments are without merit for the reasons stated in the Government's Reply.

The State took custody of the Truck at the time of Barrera's arrest, but its criminal case was adopted for federal prosecution on April 26, 2011. *See Doc. 17* (affidavit of Paralegal Specialist Aimee Schadle). Thereafter on June 2, 2011, *about a month before Barrera filed his motion for return of the tractor trailer in the criminal case*, the Truck was seized pursuant to a Homeland Security Investigations ("HIS") federal seizure warrant and administrative forfeiture proceedings began. *Id.* at 1.

Ms. Schadle then sent administrative forfeiture notice to Barrera at his residence address, but the letter was returned "as insufficient address, unable to forward." *Id.* at 2. Prior to the sale of the conveyance after publication notice had been given, Ms. Schadle discovered that Barrera had been "incarcerated" at the time she mailed the administrative forfeiture notice to his home address. *Id.* Therefore, the sale of the Truck was halted, and this judicial forfeiture action was filed to give Barrera an opportunity to file a claim and contest forfeiture. *Id.*

Instead of filing a claim in this proceeding as required by Supplemental Rule G(5)(a) of the governing Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Barrera through appointed counsel opted to file the unverified "Response" relying on the motion for return of the conveyance he had filed in the criminal case. Simply put, Barrera lacks statutory standing to contest this forfeiture action because he failed to file a claim signed by him under penalty of perjury containing the specifically required information set forth in the Supplemental Rules. *See Doc. 18* at 4 (and cases cited therein). Therefore, Barrera's "Response" must be denied.

-5-

The United States also argues that Barrera's guilty plea before obtaining a ruling on his motions to suppress evidence and for return of the property amounts to a waiver of any rights asserted by those motions. *See Doc. 18* at 5. Indeed, "a defendant who unconditionally pleads guilty 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *U.S. v. Yates,* 363 Fed. App'x. 670, 674, 2010 WL 358130, 3 (10th Cir. 2010). In the criminal case, Magistrate Judge Molzen expressly advised Barrera, "if you plead guilty, you will give up any possible defense that you could have raised in these proceedings." *Doc. 115* at 12. Barrera responded that he so understood. *Id.*

Clearly Barrera was aware that he was abandoning his undecided motion to suppress by entering the guilty plea. Similarly, his motion for return of the property was premised on alleged violations of his constitutional rights.

> His request for the return of property is based on the fact that the government has provided inadequate notice regarding the seizure of his property and the government's intent to forfeit his property. This failure to provide adequate notice, not only violates §983(a)(1)(A)(iv) on its face, but, also implicates Mr. Barrera-Muñoz's fundamental due process right to be free from arbitrary interference with his property. *See Dusenbery v. United States*, 534 U.S. 161, 167-68 (2002) (under the Due Process Clauses of the Fifth and Fourteenth Amendments, "individuals whose property interests are at stake due to government actions are entitled to notice of the proceedings and an opportunity to be heard."); *see also Aero-Medical Inc. v. United States*, 23 F.3d 328, 331 (10th Cir. 1994) (due process protections ought to be diligently enforced and by no means relaxed where a party seeks the traditionally disfavored remedy of forfeiture). Due Process is implicated here, in part, because the important procedural protections contained in §983 (a)(1)(A) were intended to safeguard due process rights of property owners by requiring the government to proceed expeditiously with forfeiture procedures and to provide adequate notice of the seizure and the government's intent to forfeit the property.

11cr1065 MV, Doc. 29 at 7 (Barrera's Reply to Government's Response in Opposition to the Motion).

But even if entry of the guilty plea had not waived Barrera's right to contest defects in the administrative forfeiture proceeding, he conceded that his remedy was set forth in 18 U.S.C. § 983(a)(1)(F). *See* 11cr1065 MV, Doc. 29 at 7. That statute provides that "the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. 18 U.S.C. § 983(a)(1)(F) (emphasis added). In fact, that is precisely what happened. The Government filed this **judicial** civil forfeiture action "to afford Claimant an opportunity to contest the forfeiture." *Doc. 17* at 2.

As reflected by the docket sheet, in this proceeding, Barrera through his counsel of record, not only had actual notice of this action, but filed pleadings and attended a status conference. The Court agrees with the Government that this action has provided Claimant an adequate remedy at law and will deny the "Response." Because the undisputed facts establish the United States entitlement to summary judgment, its motion will be granted.

**THEREFORE, IT IS HEREBY ORDERED** that the United States' Motion for Summary Judgment *(Doc. 14)* is **GRANTED,** and a final judgment forfeiting the Truck shall be entered.

_____
UNITED STATES DISTRICT JUDGE